JUSTICE NELSON,
concurring.
¶37 I concur in the Court’s decision. I write separately regarding Richards’ argument that a party who challenges a governing body’s decision on a subdivision application should be able to rely upon “extraneous evidence” not contained in the administrative record. Opinion, ¶ 21.
¶38 Richards cites Aspen Trails Ranch, LLC v. Simmons, 2010 MT 79, ¶ 53, 356 Mont. 41, 230 P.3d 808, in support of this argument. The source of this line of authority, however, is Skyline Sportsmen’s Assn, v. Bd. of Land Commrs., 286 Mont. 108, 951 P.2d 29 (1997), in which the Court made the following statement:
The standard of review of an informal administrative decision is whether the decision was arbitrary, capricious, or unlawful. North Fork Pres. v. Dept. of State Lands (1989), 238 Mont. 451, 458-59, 778 P.2d 862, 867. It was appropriate for the District Court, in applying that standard, to accept new evidence and not to limit its review to the administrative record. In a proceeding to determine whether an agency decision was arbitrary, capricious, or unlawful, unless the reviewing court looks beyond the record to determine what matters the agency should have considered, it is impossible for the court to determine whether the agency took into consideration all relevant factors in reaching its decision. Asarco, Inc. v. U.S.E.P.A. (9th Cir. 1980), 616 F.2d 1153, 1160.
Skyline Sportsmen’s Assn., 286 Mont. at 113, 951 P.2d at 32.
¶39 As we have since recognized, Asarco does not stand for an unqualified rule permitting the consideration of extra-record evidence when reviewing administrative decisions. To the contrary,
the Asarco court limited the use of extra-record evidence to three purposes: for background information; for ascertaining whether the agency considered all the relevant factors; or for ascertaining whether the agency fully explicated its course of conduct or grounds of decision. 616 F.2d at 1160. The court stated that “[c]onsideration of the evidence to determine the correctness or wisdom of the agency’s decision is not permitted, even if the court has also examined the administrative record.” Id.
Heffernan v. Missoula City Council, 2011 MT 91, ¶ 66, 360 Mont. 207, 255 P.3d 80.
¶40 A more recent statement of Ninth Circuit law still provides that judicial review of agency action is “limited to the administrative
*425 record.” N. W. Envtl. Advocs. v. Natl. Marine Fisheries Serv., 460 F.3d 1125, 1144 (9th Cir. 2006). The Ninth Circuit has recognized “a discrete set of narrow exceptions” to this rule, where a district court may admit extra-record evidence: (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith. N. W. Envtl. Advocs., 460 F.3d at 1145.
¶41 In Aspen Trails, this Court held that the district court did not err when it conducted an evidentiary hearing and admitted extra-record evidence. In so doing, the Court simply recited the above-quoted paragraph from Skyline Sportsmen’s Assn. See Aspen Trails, ¶ 53. The Aspen Trails Court provided no limiting or qualifying language in its application of the Skyline Sportsmen’s Assn. rule. In the present case, however, the County argues a plausible interpretation of Aspen Trails as representing an extremely limited exception to the general rule that a court must limit its review to consideration of the record before the governing body when it issued its decision. See Opinion, ¶ 23.
¶42 In MM&I, LLC v. Bd. of County Commrs., 2010 MT 274, 358 Mont. 420, 246 P.3d 1029, this Court held that the district court did not abuse its discretion when it refused the post-hearing testimony of two Gallatin County Commissioners. MM&I, ¶ 27. It was necessary in the course of our decision to distinguish Aspen Trails. In so doing, we suggested that the testimony at issue in Aspen Trails was properly admitted because it was “in the form of additional information from an expert witness regarding the condition of the subject property which was not contained in the EA-information which should have been included by law.” MM&I, ¶ 26. Conversely, the testimony at issue in MM&I was properly excluded because it “concerned the Commissioners’ thought processes regarding actions taken more than five years earlier and where at least one of the Commissioners repeatedly stated that she did not recall the specifics of the matter.” MM&I, ¶ 26.
¶43 I acknowledge that I signed the Court’s opinion in Skyline Sportsmen’s Assn. and authored the Court’s opinion in MM&I. After reconsideration, however, I believe that I voted wrongly, and I now conclude that the concurring and dissenting opinions in Skyline Sportsmen’s Assn. were correct as to this issue. See Skyline Sportsmen’s Assn., 286 Mont. at 116-17, 951 P.2d at 34 (Buyske, D.J., sitting for Leaphart, J., specially concurring) (“I believe the path the *426 majority chose ... invites future litigants to view district court proceedings as a means to do what should have been done at the administrative agency level-develop the record.”); 286 Mont. at 119, 951 P.2d at 36 (Gray, J., dissenting) (“I cannot join the Court’s sweeping effort to reconstitute the administrative record on which the Board made its decision in order to provide the plaintiffs a ‘second bite at the apple’ in their late effort to impact on that record and the ultimate decision in this case.”).
¶44 Accordingly, for the reasons expounded in Justice Rice’s Aspen Trails concurrence-with which I agreed, see Aspen Trails, ¶ 72 (Nelson, J., specially concurring)-I would reject the broadly stated rule of Skyline Sportsmen’s Assn., which the Court seemingly perpetuated in Aspen Trails. I would hold that review of the governing body’s action is limited to the record before the governing body at the time of its decision-subject only to the narrow exceptions noted above. Heffernan, ¶ 66; § 2-4-704(1), MCA (review of an agency decision “must be confined to the record”).
¶45 Furthermore, to the extent that our reasoning at ¶ 26 of MM&I might be read as permitting extra-record evidence to support “unlawfulness” challenges, while prohibiting extra-record evidence to support “arbitrariness or capriciousness” challenges, I would not adopt such a distinction. See Heffernan, ¶ 65 (explaining these standards). Whether the evidence pertains to the lawfulness of the governing body’s action, or to the arbitrariness or capriciousness of the governing body’s action, the evidence should be made part of the administrative record so that the governing body is given the opportunity to remedy any alleged errors in its decision-making process prior to judicial review. Cf. State v. West, 2008 MT 338, ¶ 17, 346 Mont. 244, 194 P.3d 683 (“Above all else, the rationale underlying the timely-objection rule is judicial economy and bringing alleged errors to the attention of each court involved, so that actual error can be prevented or corrected at the first opportunity.” (emphasis added, internal quotation marks omitted)).
¶46 With these observations, I concur in the Court’s decision.